UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJOT SINGH GREWAL,<br><br>  Plaintiff,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>  Defendants. | Case No.  23-cv-03621-JCS<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Harjot Singh Grewal is a lawful permanent resident who immigrated to the United States from India as a teenager.  Since May 4, 2022, he has been detained by Immigration and Customs Enforcement at the Golden State Annex detention facility, in McFarland, California, without any individualized inquiry into ICE's justification for his detention.  He requests the Court issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) ordering his immediately release from physical custody; or in the alternative, ordering a prompt hearing before this Court to determine the facts, as described in 28 U.S.C. § 2243, and requiring that Respondents establish the necessity of further detention by clear and convincing evidence.

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Petitioner alleges that his indefinite detention violates his constitutional and

statutory rights, including his right to a bond hearing. When liberally construed, the petition states cognizable claims.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The clerk will serve a copy of this order, the petition and all attachments to the petition upon Respondent and Respondent's attorney, the United States Attorney for the Northern District of California. The clerk also will send by mail a copy of the petition to the Attorney General of the United States in Washington, D.C. The clerk also will serve by mail a copy of this order to the petitioner.

(2) Respondent must file and serve upon Petitioner, on or before **September 25, 2023**, an answer responding to the allegations of the petition and showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

(3) If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **October 27, 2023**.

(4) In lieu of an answer, Respondents may file, on or before **September 25, 2023**, a motion to dismiss on procedural grounds. If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondents shall file with the Court and serve on Petitioner a reply within fifteen (15) days of the date any opposition is filed.

(5) Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

**IT IS SO ORDERED.**

Dated: July 26, 2023

JOSEPH C. SPERO
United States Magistrate Judge